UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-780(DSD/JMM)

Dona L. Thurk,

Plaintiff,

v.

**ORDER**

Anchor Glass Container Corporation, a Delaware corporation,

Defendant.

Donald H. Nichols, Esq., Steven A. Smith, Esq. and Nichols, Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

Phillip R. Krass, Esq., Christopher J. Jossart, Esq. and Krass & Monroe, 1100 Southpoint Center, 1650 West 82nd Street, Bloomington, MN 55431, counsel for defendant.

This matter is before the court on the motion of defendant for a new trial or, in the alternative, remittitur.[1] For the reasons stated, the court denies the motion.

## BACKGROUND

The above-entitled matter came before this court for a jury trial on June 4, 2001. Plaintiff Dona L. Thurk ("Thurk") alleged

---

[1] The court notes that neither party in this case moved for Judgment As A Matter of Law under Fed. R. Civ. P. 50.

FILED 8-9-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

hostile work environment sexual harassment under federal and state law and constructive discharge from her employment with defendant Anchor Glass Container Corporation ("Anchor"). After a five-day trial, the jury returned a Special Verdict in favor of plaintiff and awarded her damages of $61,012, consisting of $31,012 for back pay through the date of trial and $30,000 for pain, suffering and emotional distress.

Under Rule 59 of the Federal Rules of Civil Procedure, defendant moves this court for a new trial alleging that: (1) the jury's verdict is against the clear weight of the evidence; (2) the jury's verdict is not supported by existing law; and (3) the damage award was the result of passion and prejudice. Alternatively, defendant seeks a remittitur to reduce what it considers to be an excessive damage award. For the reasons stated, the court does not believe that a new trial is warranted or that the award of damages should be reduced. Accordingly, defendant's motion is denied.

## DISCUSSION

### I. Rule 59 Motion

A new trial may be granted to any party in any action "in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). A new trial may be ordered when the jury's verdict is against the clear

weight of the evidence presented at trial, is the result of passion or prejudice, or is clearly excessive. See Quachita Nat. Bank v. Tosco Corp., 686 F.2d 1291, 1294 (8th Cir. 1982); Fireman's Fund Ins. Co. v. AALCO Wrecking Co., 466 F.2d 179, 187-188 (8th Cir. 1972), cert. denied, 410 U.S. 930 (1973) (providing that while the standard for granting a new trial is less stringent than the one for judgment as a matter of law, a new trial should only be granted to prevent injustice or when the verdict strongly conflicts with the great weight of evidence).

In determining whether a verdict is against the clear weight of the evidence, a trial court may rely on its own reading of the evidence and can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict. McGee v. S. Pemiscot Sch. Dist. R-V, 712 F.2d 339, 344 (8th Cir. 1983); Quachita, 686 F.2d at 1295; Wright & Miller, Federal Practice and Procedure Civil 2d § 2806 (3d ed. 1995). The court, however, may not simply substitute its own judgment for the jury's, nor should it grant a new trial whenever it would merely have found differently than the jury. McGee, 712 F.2d at 344; Ryther v. KARE 11, 864 F. Supp. 1510, 1520 (D. Minn. 1994) ("[t]he court is not free to set aside a verdict merely because it would have ruled differently, or believed the jury should have drawn inferences and conclusions from the conflicting testimony."); Wright & Miller at § 2806.

At bottom, the court should reject a jury's verdict only where, after a careful review of all the evidence and giving full respect to the jury's verdict, the court is left with a definite and firm conviction that the jury has erred. Dace v. ACF Indus., Inc., 722 F.2d 374, 377 n. 5 (8th Cir. 1983); McGee, 712 F.2d at 344; Day v. Amax, Inc., 701 F.2d 1258, 1262 (8th Cir. 1983); Fireman's Fund, 466 F.2d at 187. Thus, the true standard for granting a new trial on the basis of the weight of the evidence is simply one which measures the result in terms of whether a miscarriage of justice has occurred. McGee, 712 F.2d at 344; Day, 701 F.2d at 1262; Ryther, 864 F. Supp. at 1520.

Defendant asserts three bases for a new trial under Rule 59: (1) the jury's verdict is against the clear weight of the evidence; (2) the jury's verdict is not supported by existing law; and (3) the excessive damage award was the result of passion and prejudice.

Regarding the first basis, defendant asserts that the evidence introduced at trial does not support the jury's award of damages for plaintiff's emotional distress and suffering, and a new trial is justified because the verdict must be "considered against the clear weight of the evidence." (See Def.'s Mem. at 3-4.) The court does not agree.

The jury here awarded plaintiff $30,000 for pain, suffering, and emotional distress. Title VII specifically provides for

damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." 42 U.S.C. § 1981a(b)(3) (2001). Similarly, a prevailing plaintiff may recover damages for mental anguish or suffering under the Minnesota Human Rights Act ("MHRA"). See Minn. Stat. § 363.071 (2000). Damage awards for emotional distress are "highly subjective and should be committed to the sound discretion of a jury, especially when the jury is being asked to determine injuries not easily calculated in economic terms." Webner v. Titan Distrib., Inc., 101 F. Supp. 2d 1215, 1225 (N.D. Ia. 2000) (citing Jenkins v. McLean Hotels, Inc., 859 F.2d 598, 600 (8th Cir. 1988)). See also Kohn v. City of Minneapolis Fire Dept., 583 N.W.2d 7, 14-15 (Minn. Ct. App. 1998) (providing that the mental anguish need not be severe to support an award of emotional damages). Furthermore, a plaintiff's own testimony can form a sufficient basis for establishing emotional distress or mental anguish, and the award need not be supported by expert testimony. See Kim v. Nash Finch Co., 123 F.3d 1046, 1065 (8th Cir. 1997).

The court cannot conclude that this is an unjustified award since there was sufficient evidence introduced at trial to support the jury's finding. The court particularly notes that the plaintiff's own testimony established that the sexual harassment caused her significant embarrassment, personal anguish and emotional distress. Additionally, plaintiff's boyfriend and a

former co-worker testified that they had observed plaintiff crying on numerous occasions in response to the emotional anguish and distress arising from the sexual harassment. The court concludes that the jury's verdict here does not go against the clear weight of the evidence. Accordingly, the amount of emotional distress damages awarded does not provide a basis for ordering a new trial.

Defendant also asserts that the jury's verdict is contrary to law. In particular, defendant challenges whether there was sufficient evidence presented at trial to establish that plaintiff was subject to unwelcome sexual conduct during her employment with defendant. Conduct is unwelcome when it is uninvited and offensive. See Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1108 (8th Cir. 1998). Moreover, the determination of whether sexual conduct was unwelcome often turns on the resolution of witness credibility and is thus a fact question best resolved by a jury. See Quick v. Donaldson Co., 90 F.3d 1372, 1378 (8th Cir. 1996). See also Meritor Savings Bank v. Vinson, 477 U.S. 57, 68 (1986). Put differently, in many cases, including the present one, it is appropriate for the jury to determine whether the plaintiff indicated by her conduct that the alleged sexual harassment was welcome or unwelcome. See id.

The court concludes that there was sufficient evidence to support the jury's conclusion that the plaintiff was subjected to unwelcome sexual harassment during her employment with defendant.

The jury's determination is not against the clear weight of the evidence, and the court must deny defendant's motion for a new trial on the issue of welcomeness.

Defendant similarly argues that, as a matter of law, the sexual harassment that plaintiff endured was not severe or pervasive enough to alter a term or condition of her employment. To prevail on a sexual harassment claim, a plaintiff must present evidence that she was subject to sexual harassment that was sufficiently severe or pervasive as to alter the conditions of her employment and create an abusive working environment. Meritor Savings Bank, 477 U.S. at 67. The conduct must be both subjectively and objectively offensive. Howard v. Burns Bros., Inc., 149 F.3d 835, 840 (8th Cir. 1998). The existence of a hostile work environment is measured by the totality of circumstances. See Burns v. MacGregor Elec. Indus., 989 F.2d 959, 965 (8th Cir. 1993); Jensen v. Eveleth Taconite Co., 824 F. Supp. 847, 885-68 (D. Minn. 1993) (discussing that the court should consider the totality of circumstances).

The court is unpersuaded by defendant's argument here. The jury's determination that the plaintiff was subjected to sexual harassment sufficient to affect a term or condition of her employment does not cut against the clear weight of the evidence presented at trial; nor does it lead to an unjust result compelling this court to order a new trial.

Defendant also contends that, as a matter of law, defendant cannot be liable for damages since it took prompt remedial action following plaintiff's allegation of sexual harassment. Once an employer knows or should know about co-worker harassment, the only way to avoid liability is to take prompt and effective remedial action. See Hathaway v. Runyon, 132 F.3d 1214, 1223 (8th Cir. 1997). Defendant specifically asserts that there is no evidence to demonstrate that it was aware of the harassing activity prior to plaintiff's complaint to her supervisor or that it failed to take prompt and appropriate remedial action upon receiving notice.

The court again disagrees with the defendant's assertion and concludes that the jury was presented with sufficient evidence from which it could have concluded that the defendant failed to take prompt or appropriate remedial action to address plaintiff's allegations of sexual harassment. In other words, the conclusion reached by the jury on this issue is adequately supported by the record and cannot be held to represent a miscarriage of justice. Accordingly, it provides no basis for the ordering of a new trial.[2]

Defendant also asserts that plaintiff failed to establish a claim for constructive discharge. Constructive discharge is found

---

[2] In sum, the court concludes that, as matter of law, the plaintiff presented sufficient evidence at trial to support the jury's finding of a hostile work environment under both federal and state law. Obviously, the defendant or other reasonable persons could differ about the "correct" outcome, but since the verdict does not work an injustice or fall against the clear weight of the evidence presented at trial, the court will not order a new trial.

where an employee quits because intolerable working conditions are present and the employee reasonably believes that there is no chance of receiving fair treatment. See Kimzey v. Wal-Mart Stores Inc., 107 F.3d 568, 574 (8th Cir. 1997). An employee can prove constructive discharge by: (1) showing that an employer consciously meant to force him or her to quit; or (2) by showing that the employer intended the reasonably foreseeable consequences of its actions. See Pribil v. Archdiocese of St. Paul & Minneapolis, 533 N.W.2d 410, 412-13 (Minn. Ct. App. 1995). Whether work conditions are in fact "intolerable" for an employee is judged by a reasonable person standard and is thus a question appropriately before a jury. See Hukkanen v. Int'l Union of Operating Engineers, 3 F.3d 281, 284 (8th Cir. 1993).

Again, the court concludes that there was sufficient evidence presented at trial to support the jury's finding of constructive discharge. Specifically, the court notes that there was evidence from which the jury could have concluded that after plaintiff complained of the sexual harassment, defendant chose to challenge her veracity rather than suspend, terminate, or discipline the accused harasser.[3] The court therefore concludes that since

---

[3] The court also concludes that there was evidence presented at trial to support a conclusion that plaintiff was subjected to intolerable working conditions. In particular, it was not against the clear weight of the evidence for the jury to have concluded that: (1) defendant failed to adequately or timely address or investigate the harassment complaints; (2) defendant failed to (continued...)

plaintiff presented sufficient evidence to support a conclusion that defendant could reasonably have foreseen that its actions would cause plaintiff to resign, the court cannot hold this conclusion to fall against the clear weight of the evidence or represent a miscarriage of justice. Accordingly, the court cannot grant defendant's motion for new trial as to the jury's finding of constructive discharge.

Lastly, defendant asserts that the damages awarded by the jury are excessive, unsupported by the evidence, and result from the jury's passion and prejudice. As will be discussed below, the court sees no grounds to support this assertion. Therefore, the court concludes that the amount of damages awarded by the jury does not provide a basis for the granting of a new trial.

**II. Remittitur**

Remittitur should only be granted when a jury's verdict is "so grossly excessive as to shock the court's conscience." Am. Bus. Interiors v. Haworth, Inc., 798 F.2d 1135, 1146 (8th Cir. 1986). Additionally, in Minnesota, remittitur may be granted when an excessive verdict appears to have been given under the influence of passion and prejudice or when the damages are not justified by the evidence. See Kwapien v. Starr, 400 N.W.2d 179, 184 (Minn. Ct.

---

[3](...continued)
suspend, terminate or discipline the alleged harassers; or (3) defendant threatened plaintiff's employment when presented with the harassment complaint.

App. 1987). In this case, the jury awarded plaintiff $31,012 for back pay through the date of trial and $30,000 in damages for pain, suffering and emotional distress. For the reasons previously discussed,[4] the court does not consider the amount of the jury's award of emotional distress damages to be excessive, contrary to the weight of evidence, given under the influence of passion and prejudice, or in any way "so grossly excessive as to shock the court's conscience." Haworth, 798 F.2d at 1146. The court similarly cannot conclude that the amount of back pay that the jury awarded was excessive, given under the influence of passion and prejudice, or shocking to the conscience. In fact, the jury's amount of back pay directly parallels the amount that was calculated by plaintiff's expert witness and introduced into evidence at trial.[5]

Thus, on both amounts of damages, the court cannot conclude that the jury's verdict is so grossly excessive as to shock the

[4] See supra pp. 4-5.

[5] See Testimony of Dr. David Jones and Trial Exs. 20-24 calculating past wage losses of $30,012.

court's conscience. See id.[6] The court will therefore not grant defendant's motion for remittitur.

**CONCLUSION**

For the reasons stated, the court concludes that defendant is not entitled to a new trial under Rule 59, nor in the alternative, will the court order remittitur.

Accordingly, **IT IS HEREBY ORDERED** that defendant's motion for a new trial, or in the alternative remittitur, is denied.

Dated: August 7, 2001

David S. Doty, Judge
United States District Court

[6] The court is also unconvinced that defendant has shown that plaintiff failed to mitigate her damages. See Ryther, 864 F. Supp. at 1525 (defendant has burden of demonstrating that the employee failed to mitigate damages). It is undisputed that a wrongfully discharged employee has a duty to attempt to mitigate damages and that this duty requires the plaintiff to use reasonable diligence in finding suitable replacement employment. See Denesha v. Farmers Ins. Exchange, 161 F.3d 491, 502 (8th Cir. 1998). While the evidence at trial demonstrated that plaintiff found a new position offering a salary lower than the one she had earned with defendant, the court does not view this as a failure to mitigate damages. Rather, the court believes that the record supports a conclusion that plaintiff used reasonable diligence in locating suitable replacement employment. (See Trial Ex. 25.)