UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-780(DSD/JMM)

Dona L. Thurk,

Plaintiff,

v.

**ORDER OF JUDGMENT**

Anchor Glass Container Corporation, a Delaware corporation,

Defendant.

Donald H. Nichols, Esq., Steven A. Smith, Esq. and Nichols, Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for plaintiff.

Phillip R. Krass, Esq., Christopher J. Jossart, Esq. and Krass & Monroe, 1100 Southpoint Center, 1650 West 82nd Street, Bloomington, MN 55431, counsel for defendant.

## I. Entry of Judgment on Special Verdict

This matter came for trial before a jury on June 4, 2001, and was tried through June 11, 2001. On June 12, 2001, at the conclusion of deliberations, the jury returned a Special Verdict which read:[1]

---

[1] Pursuant to the agreement of the parties, the court withheld entering the order of judgment until the court had resolved defendant's motion for a new trial under Fed. R. Civ. P. 59. That motion was denied in an order of this court dated August 6, 2001.

FILED 8-9-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 8-9-01
Deputy Clerk's Initials ____

We, the jury in the above entitled action, return the following answers to the questions presented to us by the court:

**FEDERAL HOSTILE WORK ENVIRONMENT CLAIM**

1. Do you find from a preponderance of the evidence that plaintiff was subjected to a hostile work environment by defendant in violation of Title VII?

**Yes** ___√___ **No** _________

**STATE HOSTILE WORK ENVIRONMENT CLAIM**

2. Do you find by a preponderance of the evidence that plaintiff was subjected to a hostile work environment by defendant in violation of the Minnesota Human Rights Act?

**Yes** ___√___ **No** _________

**CONSTRUCTIVE DISCHARGE**

3. Do you find by a preponderance of the evidence that plaintiff has proven that she was constructively discharged by defendant?

**Yes** ___√___ **No** _________

If you answered "YES", to either questions (1) or (2), please proceed to the following section.

**DAMAGES**

4. What amount of money would fairly compensate plaintiff for any wage and benefit losses sustained from the date of her

constructive discharge through the date of trial (less the amount of any earnings plaintiff has earned)?

**$ 31,012.00**

5. What amount of money would fairly compensate plaintiff for any damages relating to pain, suffering, and emotional distress?

**$ 30,000.00**

## II. Additional Damages

Plaintiff has also moved for front pay, treble damages under the Minnesota Human Rights Act ("MHRA"), a civil penalty, prejudgment interest, attorney's fees and costs. The court will grant in part and deny in part that motion.

### A. Front Pay

Plaintiff seeks front pay in the amount of $133,889 to purportedly compensate her for lost wages over a 10-year period ending in 2011. In certain instances in an employment discrimination case the court may award a prevailing party front pay. See Excel Corp. v. Bosley, 165 F.3d 635, 639 (8th Cir.). The calculation of front pay is a matter of equitable relief within the sound discretion of this court. See Hukkanen v. Int'l Union of Operating Eng'rs, 3 F.3d 281, 286 (8th Cir. 1993). Front pay awards are often designed to assist a plaintiff during the period of time until other employment may be secured. See Babb v. Sun Co., Inc., 562 F. Supp. 491, 492, n.1 (D. Minn. 1983) (citing Loeb v. Textron,

Inc., 600 F.2d 1003, 1022- 23 (1st Cir. 1979) (stating that front pay awards tend to be "relatively small and [are] designed to assist plaintiff[s] during the period in which [they] can be expected to find other employment.")). Numerous factors may be considered by a district court in making the determination of whether or not to award front pay. Webner v. Titan Distrib. Inc., 101 F. Supp. 2d, 1215, 1235 (N.D. Ia. 2000) (enumerating multiple factors for assessing front pay including plaintiff's age, length of employment, length of time to secure comparable employment, whether plaintiff was an at-will employee, efforts by plaintiff to mitigate damages, and consideration of the amount of other damages awarded to plaintiff).

After careful review of the record including plaintiff's trial testimony and the testimony of plaintiff's expert witness, the court concludes that plaintiff should not be awarded front pay damages. The court sees no evidence to indicate that front pay is warranted under the specific factual circumstances here. Following her employment with defendant, plaintiff quickly found commensurate employment that in many ways provided an improvement for plaintiff both in the quality of the daily work environment and potential professional development and career advancement. Most important, the court concludes that, in light of the jury's decision to award plaintiff over $60,000 in monetary damages, plaintiff has been adequately compensated.

**B. Treble Damages**

The jury in this case awarded plaintiff $30,000 in emotional distress damages. The MHRA permits a court, in its discretion, to award compensatory damages in an amount up to three times the actual damages sustained. Minn. Stat. § 363.071(2). See also State by Cooper v. Moorhead State Univ., 455 N.W.2d 79, 84 (Minn. Ct. App. 1990) (allowing the trebling of compensatory damages under MHRA). The primary consideration in determining whether or not to multiply damages is whether the damages awarded by the jury fully compensates the plaintiff. See Ryther v. KARE 11, 864 F. Supp. at 1529; Evans v. Ford Motor Co., 768 F. Supp. 1318, 1327 (D. Minn. 1991) (denying the multiplication of damages when jury's award adequately compensated plaintiff).

After a careful review of the record, the court sees nothing in the factual circumstances of this case that would warrant the trebling of damages. The court cannot conclude that the unlawful actions here were so egregious as to merit the multiplication of plaintiff's damages. The court believes that plaintiff has been adequately compensated by the amount of compensatory damages awarded by the jury in the Special Verdict. Furthermore, the court believes that any such multiplication of damages would contravene the purpose behind this remedial statute, would turn this legislation into a punitive weapon and would provide plaintiff with an unwarranted windfall. See Convent of the Visitation School v.

Continental Cas. Co., 707 F. Supp. 412, 416 (D. Minn. 1990). Thus, since there is no basis for multiplying the damages in this case, the court denies plaintiff's request for trebled damages.

**C. Civil Penalty**

Minnesota Statute § 363.071(2) governs the assessment of a civil penalty payable to the Minnesota General Fund under the MHRA. Under that statute, any party found to be engaging in unfair discriminatory practices, "shall ... pay a civil penalty to the state." Minn. Stat. § 363.071(2) (2000). It is within the trial court's discretion to determine the amount of civil penalty. See Gillson v. State DNR, 492 N.W.2d 835, 843 (Minn. Ct. App. 1992). The court must consider several factors in determining whether to award a civil penalty including the seriousness and extent of the violation, the public harm associated with the violation, whether the violation was intentional, and the financial resources of the party. Minn. Stat. § 363.071(2).

Plaintiff has requested that the court impose a $25,000 civil fine in this case based upon the public harm and defendant's ability to pay. The court, however, concludes that when juxtaposing the statutory factors with the specific factual circumstances of this case, the court cannot conclude that the acts here were extensive, intentional or egregious enough to merit a significant civil penalty. The court thus concludes that only a

nominal civil penalty is warranted in this case. Accordingly, the court will order defendant to pay a nominal civil penalty of $250.

**D. Prejudgment Interest**

Plaintiff has requested prejudgment interest under Minn. Stat. § 549.09 on her wage loss from March 30, 2000 through the date of this order. See Evans, 768 F. Supp. at 1327. Since plaintiff is the prevailing party and no offer of settlement was made by defendant, she is entitled to interest on her award of back-pay, $31,012, from the date of commencement through the date of this order. See Minn. Stat. § 549.09 (2000). Interest rates are statutorily prescribed and are computed as simple per annum interest. Id. While the statute prescribes that the court is to calculate the amount of interest from the time of commencement of the action through the date of the jury's verdict and the court administrator is to calculate the amount of interest from the date of the verdict through the date of entry of judgment, the parties here have stipulated that the amount of prejudgment interest is $2,111.33. See id.

The court will accordingly order that prejudgment interest, calculated in accordance with Minn. Stat. § 549.09 from the date of commencement of this action through the date of this order, be paid by defendant in the amount of $2,111.33.

**E. Attorney's Fees and Costs**

Under Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act, the prevailing party in a discrimination lawsuit may be awarded reasonable attorney's fees and costs. See 42 U.S.C. § 2000e-5(k); Minn. Stat. § 363.14, subd. 3; Minn. Stat. § 549.04; Fed. R. Civ. P. 54(d)(1). See also Parton v. GTE North, Inc., 971 F.2d 150, 155 (8th Cir. 1992); Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 9 n. 6 (1st Cir. 1993). The amount of reasonable attorney's fees and costs is within the district court's discretion and are to be determined on the specific facts of each case. Hensley v. Eckerhart, 461 U.S. 424, 429 (1983). The court concludes that plaintiff is entitled to reasonable attorney's fees and costs which will be determined later and awarded in a subsequent order.

**CONCLUSION**

Upon the special verdict of the jury and the foregoing motion of plaintiff which is granted in part and denied in part, **IT IS HEREBY ORDERED** that:

1. Judgment is entered in favor of plaintiff Dona L. Thurk against defendant Anchor Glass Corporation in the amount of $62,012.

2. Plaintiff is also awarded prejudgment interest in the amount of $2,111.33 in accordance with Minnesota Statute § 549.09 and the agreement of the parties.

3. Pursuant to Minnesota Statute § 363.071(2), defendant shall pay to the State of Minnesota General Fund a civil penalty of $250.

4. Plaintiff shall recover reasonable costs and attorney fees from defendant in an amount to be later determined.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 8, 2001

David S. Doty, Judge
United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500