UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-780(DSD/JMM)


Dona L. Thurk,

            Plaintiff,

v.                                                    **ORDER**

Anchor Glass Container
Corporation, a Delaware
corporation,

            Defendant.


     Donald H. Nichols, Esq., Steven A. Smith, Esq. and
Nichols, Kaster & Anderson, 4644 IDS Center, 80 South
Eighth Street, Minneapolis, MN 55402, counsel for
plaintiff.

     Phillip R. Krass, Esq., Christopher J. Jossart, Esq. and
Krass & Monroe, 1100 Southpoint Center, 1650 West 82nd
Street, Bloomington, MN 55431, counsel for defendant.


This matter is before the court pursuant to the court's order
entering judgment dated August 8, 2001 awarding, in relevant part,
plaintiff reasonable attorney's fees and costs.  For the reasons
stated the court awards plaintiff $175,325.50 in attorney's fees
and $12,056.58 in costs and expenses.


**BACKGROUND**

Plaintiff Dona L. Thurk ("Thurk") brought this action against
her former employer defendant Anchor Glass Container Corporation,

FILED 8-13-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 8-13-01
Deputy Clerk's Initials _____

Inc. ("Anchor") claiming that she was constructively discharged and subjected to hostile environment sexual harassment in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §§ 363.01-363.20.  Following a five-day trial, the jury returned a verdict in plaintiff's favor and awarded her $31,012 in back pay and $30,000 in compensatory emotional distress damages.  On August 8, 2001, this court entered judgment for that amount and further awarded plaintiff prejudgment interest on the back pay and ordered defendant to pay a civil penalty of $250 to the State of Minnesota. For the reasons stated, the court will now award plaintiff attorney's fees and costs as follows:

## DISCUSSION

### I.    Attorney's Fees

Under Title VII of the Civil Rights Act of 1964 and the Minnesota Human Rights Act, the prevailing party in a discrimination lawsuit may be awarded reasonable attorney's fees. See 42 U.S.C. § 2000e-5(k); Minn. Stat. § 363.14, subd. 3.  See also Parton v. GTE North, Inc., 971 F.2d 150, 155 (8th Cir. 1992).[1] The amount of reasonable attorney's fees must be determined on the facts of each case.   Hensley v. Eckerhart, 461 U.S. 424, 429

---

[1] The parties do not dispute that plaintiff is the prevailing party in this matter.

(1983). The district court has wide discretion in determining the amount of attorneys' fees awards. See id., at 437. See also Jarret v. ERC Prps., Inc., 211 F.3d 1078, 1084-85 (8th Cir. 2000). The Supreme Court has also cautioned that "[a] request for attorney's fees should not result in a second major litigation." Hensley, 461 U.S. at 437. The fees awarded may also include reasonable compensation for the work of paralegals and law clerks. Missouri v. Jenkins, 109 S. Ct. 2463, 2466 (U.S. 1989).

The starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, i.e., what is commonly referred to as the "lodestar figure". See Hensley, 461 U.S. at 433. "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. The number of hours and rates submitted by plaintiff's counsel is the departure point for the court's analysis of the present attorney's fees request.

In this case plaintiff's counsel requests $189,062.50 in attorney's fees.[2] At the outset, the court believes that

---

[2] The specific breakdown of plaintiff's request is as follows:

| Attorney/ Paralegal | Hourly Rate | Total Hours Spent | Reasonable Fee |
|---|---|---|---|
| Donald H. Nichols | $350.00 | 204.3 | $ 71,505.00 (continued...) |

plaintiff's requested hourly rates are reasonable and reflect the current market rates for legal counsel of similar experience and background in the Twin Cities metropolitan area.

The court has also carefully reviewed plaintiff's requested billable time as reflected in the billing statements submitted by plaintiff's counsel. The court has made several reductions where the court concludes that there was unnecessary overlap in the billing records of the plaintiff's two lawyers, to take into account extraneous legal research conducted by plaintiff's counsel in known areas of counsel's expertise, to adjust for billing items that better reflect training expenses of counsel's associate attorney, and where there is reflected in the fee statement internal administrative filing that is not properly taxable to the defendant. Aside from these adjustments, the court believes that

---

[2](...continued)

| | | | |
|---|---|---|---|
| Steven A. Smith | $175.00 | 662.1 | $ 115,867.50 |
| Stephanie H. Clark | $ 65.00 | 11.90 | $     773.50 |
| Shirley J. Munson | $ 65.00 | 7.30 | $     474.50 |
| Chad L. Klasna | $ 65.00 | 6.80 | $     442.00 |
| **Totals** | | 892.4 | $189,062.50 |

plaintiff's submitted time records reflect reasonable expenditures of billable time given the nature and duration of the matter.

After taking these adjustments into account, the court will reduce plaintiff's attorneys fee from $189,062.50 to $175,325.50. Accordingly, defendant's are ordered to pay plaintiff $175,325.50. in attorney's fees.

## II.  Costs

In cases under Title VII, the court may award a prevailing plaintiff reasonable costs and out-of-pocket expenses of the sort that lawyers ordinarily include in their bills to fee-paying clients. See 42 U.S.C. § 2000e-5(k); Neufeld v. Searle Labs., 884 F.2d 335, 342 (8th Cir. 1989). Minnesota Statute § 549.04 similarly provides that a prevailing party shall be allowed to recover reasonable disbursements paid or incurred. The trial court should only award those costs and disbursements which are "reasonable and necessary". Stinson v. Clark Equip. Co., 473 N.W.2d 333, 338 (Minn. Ct. App. 1991). Plaintiff carries the burden of substantiating the costs and where plaintiff fails to do so, the court may properly deny the requested amount. See Carlson v. Mut. Serv. Cas. Ins. Co., 527 N.W.2d 580, 584 (Minn. Ct. App. 1995).

Here, the court finds that the costs and expenses requested by plaintiff's counsel are generally reasonable.[3]   The expenses

---

[3]  These costs and expenses are listed in the affidavit of Steven Andrew Smith dated July 6, 2001.

attributed to duplicating, serving fees, long distance telephone charges, and travel expenses are properly included as recoverable costs. Ryther v. KARE 11, 864 F. Supp. 1525, 1533-34 (D. Minn. 1994). Electronic legal research is not recoverable. Ryther, 864 F. Supp. 1534.[4] The court also will not award expenses for the taking of extraneous depositions that were not used at trial or for the rental of video equipment that was unnecessary in light of the court's own state of the art electronic equipment that was readily available for plaintiff's counsel to use in the courtroom.[5] See id. (discussing that plaintiff may only recover reimbursement for deposition transcripts actually used).

Thus, after taking into account these discussed modifications, the court will award plaintiff $12,056.58 in expenses.[6]

## CONCLUSION

For the reasons stated, **IT IS HEREBY ORDERED** that plaintiff's motion for attorney's fees and costs is granted in part and denied in part as follows:

---

[4] The court thus denies plaintiff's requested reimbursement for $50 in Westlaw legal research expenses.

[5] The court will reduce plaintiff's requested amount by $1,698 to take these extraneous expenses into account.

[6] Plaintiff requested total expenses of $13,804.58. The court has deducted $1,698 and $50 for a subtotal of $12,056.58.

1.    Plaintiff shall recover from defendant the sum of $175,325.50 for attorney's fees; and

2.    Plaintiff shall recover from defendant the sum of $12,056.58 for costs and expenses.[7]

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 13, 2001

David S. Doty, Judge
United States District Court

---

[7] These two sums are owed in addition to the damages previously ordered by this court in its Amended Order of Judgment dated August 13, 2001.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

*This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.*

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1.  Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2.  Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3.  Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4.  Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
### OFFICE OF THE CLERK

| | | |
|---|---|---|
| 316 N. ROBERT ST., RM. 700 | 300 S. FOURTH ST., RM 202 | 417 FEDERAL BLDG, 515 W.  FIRST ST. |
| ST. PAUL, MN 55101 | MINNEAPOLIS, MN 55415 | DULUTH, MN 55802 |

## Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action.  You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court.  Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A.   Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded.  this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B.   Each envelope must list the following information, and each document is to be in a separate envelope.
  - Action/case number
  - Brief action/case title
  - Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope.   Motions, affidavits and memorandums are considered three separate documents.
  - The word **"SEALED"** or **"CONFIDENTIAL"**

## *Guidelines for filing with a U.S. District Judge or <u>Magistrate Judge</u>:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

# Please forward this announcement to the recipient of this fax.

---



# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

## For additional information on either program please visit our website at www.mnd.uscourts.gov.



---

| | | |
|---|---|---|
| 700 Federal Building | 202 U.S. Courthouse | 417 U. S. Courthouse |
| 316 North Robert Street | 300 South Fourth Street | 515 West First Street |
| St. Paul, MN 55101 | Minneapolis, MN 55415 | Duluth, MN 55802 |
| (651) 848-1100 | (612) 664-5000 | (218) 529-3500 |